**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 25-9112-JFW(SKx)**                    Date:  December 12, 2025

Title:      Derek Dixon -*v*- Tyler Perry, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                          **None Present**
    **Courtroom Deputy**                        **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                        None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER DENYING PLAINTIFF'S MOTION FOR**
                                        **REMAND [filed 10/24/2025, 10/27/2025; Docket Nos.**
                                        **34, 35]**

        On October 24, 2025 and October 27, 2025, Plaintiff Derek Dixon ("Plaintiff") filed a Motion for Remand.[1]  On November 17, 2025, Defendants Tyler Perry, TPS Production Services, LLC, and And Action, LLC (collectively, "Defendants") filed their Opposition.  On November 24, 2025, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's December 8, 2025 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

        A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the

---

[1]Plaintiff filed his Motion for Remand twice in order to both preserve his right to object to removal under 28 U.S.C. § 1447(c) (which requires plaintiff to file a motion to remand on any basis other than lack of subject matter jurisdiction within thirty days of the filing of the notice of removal), as well as to fully comply with the Court's Standing Order (which requires the parties to file a joint statement at least five calendar days prior to filing a contemplated motion).

jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

Plaintiff moves to remand this action on the following two grounds: (1) Defendants failed to adequately establish that Plaintiff is domiciled in California for purposes of diversity jurisdiction; (2) Defendant And Action, LLC did not properly consent to the removal of this action. For the reasons stated by Defendants, the Court rejects these arguments and **DENIES** Plaintiff's Motion for Remand. The Court signs, as modified, Defendants' Proposed Statement of Decision Denying Plaintiff's Motion to Remand, lodged with the Court on November 26, 2025 (Docket No. 60-1).

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_